United States District Court
Southern District of Texas
**ENTERED**
November 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 1:17-CR-728-6 |
| | § | |
| RAMON MARTIN ARAMBULA | § | |

## ORDER AND OPINION

Defendant Ramon Martin Arambula requests that the Court reduce his sentence and order his release due the potential contraction of and dangers posed by COVID-19. (Motion, Doc. 656)  Based on the record and the applicable law, the Court concludes that Arambula has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

**I**

In 2019, the Court sentenced Arambula to 120 months in prison and four years of supervised release after he pled guilty to the crime of Possession With Intent to Distribute a Quantity Exceeding 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. (Judgment, Doc. 105, 1–3)

Arambula is currently serving his sentence at the Big Spring Federal Correctional Institute in Big Spring, Texas[1].  (Motion, Doc. 656, 5)

**II**

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1).  The statute contains specific requirements for submitting direct petitions.  The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait for "the lapse of 30 days from the receipt of such request by the

---

[1] The Court takes judicial notice that the Bureau of Prisons has reported 20 currently active cases of COVID-19 among inmates and staff at the facility, and three deaths.  *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated November 23, 2020).

warden of the defendant's facility." *Id.* at § 3582(c)(1)(A). In the latter scenario, the defendant need not exhaust available administrative remedies.

Arambula has met the requirements of Section 3582(c)(1)(A). In his Motion, he notes that he submitted a request for compassionate release to the Warden. (Motion, Doc. 656, 1 (attaching request)) The Warden denied the request. (*Id.*) The record does not make clear whether Arambula exhausted any administrative remedies, but as more than 30 days have lapsed since he submitted the request, he has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). In relevant part, the policy statement provides that extraordinary and compelling reasons for early release exist when:

(a) the defendant is suffering from a terminal illness or other serious physical, medical, functional, or cognitive condition "that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover";

(b) the defendant is at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and has "served at least 10 years or 75 percent of [her] term of imprisonment, whichever is less"; or

(c) another reason "[a]s determined by the Director of the Bureau of Prisons".

U.S. SENTENCING GUIDELINES, § 1B1.13(1)(A) & cmt. n.1. The defendant also must not pose a danger to the safety of the community. *Id.* at § 1B1.13(2).

In support of his request, Arambula describes his fear of complications from COVID-19 due to his underlying conditions of Hepatitis-C and hypertension (Motion, Doc. 656, 1) He also notes that he has completed many job training courses while incarcerated and asserts that he

can live at home, get a job, and be a productive member of society. (*Id.* at 2–3)

The Court finds that Arambula has not demonstrated that extraordinary and compelling reasons warrant reducing his sentence. He acknowledges that he has served only about one-third of his lengthy prison sentence. (*Id.* at 2) His request to the Warden lists many physical ailments, but he fails to provide the Court with documentation showing the severity of any of them. (Request, Doc. 656-1, 1) His Presentence Investigative Report notes that he has pain and difficulty walking due to an old accident, but does not list any other underlying symptoms. (PSR, Doc. 282, ¶ 148) In addition, Arambula has not demonstrated that the Bureau of Prisons cannot protect him from contracting COVID-19 or provide him with adequate medical care should he contract the illness.

Also, at the time of sentencing, Arambula was found to be a Career Offender, which, when coupled with his criminal history, leads the Court to conclude that he continues to represent a risk of harm to the community. (*Id.* at ¶ 117) As a result, Arambula has not demonstrated that the factors governing requests under Section 3582(c)(1) weigh in favor of the relief he seeks.

In a separate motion, Arambula moves for appointment of counsel. (Motion for Counsel, Doc. 657) As an initial matter, Arambula has no statutory or constitutional right to representation in connection with his request for compassionate release. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals."); *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995) (finding that a post-conviction proceeding under 18 U.S.C. § 3582(c)(2) for a reduction of a sentence is not an "ancillary matter" requiring appointment of an attorney under 18 U.S.C. § 3006(A)); *see also United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("There is no right to counsel in § 3582 or other post-appellate criminal proceedings."); *United States v. Patterson*, No. CR H-16-485-2, 2020 WL 6392427, at *3 (S.D. Tex. Nov. 2, 2020) (denying appointment of counsel on motion under 18 U.S.C. §

3582(c)(1)(A)). In addition, the Court finds that such appointment would be futile, as no arguments or development of the factual record could reasonably lead to the conclusion that compassionate release is warranted.

Accordingly, it is:

**ORDERED** that Defendant Ramon Martin Arambula's Motion for Compassionate Release (Doc. 656) is **DENIED**; and

**ORDERED** that Defendant Ramon Martin Arambula's Motion to Appoint Counsel (Doc. 657) is **DENIED.**

SIGNED this 24th day of November, 2020.

_____
Fernando Rodriguez, Jr.
United States District Judge